UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| ROBERT CHARLES COOK, # 128535, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:11-cv-637 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| UNKNOWN CASHLER, et al., ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Defendants. ) | |
| ) | |

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff is in the custody of the Michigan Department of Corrections serving a non-parolable life sentence for first-degree murder. He is currently an inmate at the Chippewa Correctional Facility (URF). This lawsuit arises from his incarceration at the Brooks Correctional Facility (LRF) in 2008. Plaintiff alleges that LRF's Resident Unit Officers Cashler, Wakefield, and Gibson, Hearing Investigator McLellan, Hearing Officer Jackson, Assistant Resident Supervisors Watson and Scrivens, Assistant Deputy Warden Sutherby, and Resident Unit Manager Galiton retaliated against him in violation of his First Amendment rights.[1] The matter is before the court on plaintiff's motion for a preliminary injunction or temporary restraining order (TRO). (docket # 11).

Plaintiff's motion provides a vague description of his transfers between various Michigan prisons over a period of years, events he characterizes as attempts on his life, purported mishandling of his personal property, and "kangaroo" or "sham" disciplinary hearings. He seeks a preliminary injunction or TRO compelling defendants to lower his security classification, transfer

---

[1] All other claims were dismissed on February 22, 2012. (docket # 8).

him to the Lakeland Correctional Facility (LCF), assign him to a "single man cell," and provide him with a laptop computer. (docket # 11 at 14-15, ID#s 112-13). For the reasons set forth herein, I recommend that plaintiff's motion be denied.

## Discussion

Preliminary injunctions and temporary restraining orders are extraordinary remedies. *See Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002); *see also* FED. R. CIV. P. 65. Because they are extraordinary remedies, such relief is only granted where movant carries his burden of proving that the circumstances clearly demand it. *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000). The four factors this court is to consider on motions for preliminary injunctions and temporary restraining orders are identical and well-established. *See McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008); *Leary v. Daeschner*, 228 F.3d at 736.

Plaintiff's motion misperceives the nature of preliminary injunctive relief. The purpose of a preliminary injunction "is simply to preserve the status quo." *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004); *see University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). The availability of preliminary injunctive relief is therefore inextricably intertwined with the merits of the underlying claim. For this reason, one of the principal factors in determining a plaintiff's entitlement to a preliminary injunction is the likelihood that the plaintiff will succeed on the merits of his underlying claims. *See United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011). Hence, a party seeking a preliminary injunction must show a relationship between the irreparable injury claimed in the motion and the claims pending in the complaint. *See Colvin v.*

*Caruso*, 605 F.3d 282, 298 (6th Cir. 2010). A preliminary injunction is not the means by which a plaintiff already in court on one claim can seek redress for all other conditions of confinement that he finds actionable. Plaintiff's motion for preliminary injunction or TRO should be denied because it is unrelated to any underlying claim pending in this case. *See Ball v. Famiglio*, 396 F. App'x 836, 837 (3d Cir. 2010) (plaintiff not entitled to preliminary injunction on claims not pending in complaint); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (same).

None of the four factors weighs in favor of granting the extraordinary relief plaintiff requests. He has not shown a strong likelihood of success on the merits of his claims. The defendants are employed at LRF, a prison located hundreds of miles away from URF, plaintiff's present place of incarceration. The present defendants have no authority to alter plaintiff's conditions of confinement at a different prison. Plaintiff has not shown that an injunction is necessary to prevent irreparable harm. The public interest would not be served by granting the extraordinary relief plaintiff requests, and entry of such an order would constitute an unwarranted intrusion into the State's operation of its prisons.

## Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's motion for a preliminary injunction or temporary restraining order (docket # 11) be denied.

Dated: September 12, 2012         /s/ Joseph G. Scoville
                                  United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).