UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT CHARLES COOK #128535,

    Plaintiff,

                                                          CASE NO. 1:11-CV-637

v.

                                                          HON. ROBERT HOLMES BELL

UNKNOWN CASHLER, et al.,

    Defendants.
_____/


**MEMORANDUM OPINION AND ORDER**
**APPROVING AND ADOPTING R&R**

    This is a civil rights action brought by Plaintiff Robert Charles Cook, a state prisoner, under 42 U.S.C. § 1983. On March 23, 2012, Plaintiff filed a motion for a preliminary injunction or temporary restraining order. (Dkt. No. 11.) On September 12, 2012, Magistrate Judge Joseph G. Scoville issued a report and recommendation ("R&R") recommending that Plaintiff's motion be denied. (Dkt. No. 41.) This matter is before the Court on Plaintiff's objections to the R&R (Dkt. No. 43) and Plaintiff's motion for leave to file excess pages (Dkt. No. 42).

    This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*

*v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

The Court must consider four factors on a motion for a preliminary injunction and/or temporary restraining order:

> (1) whether the moving party has a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable injury without the injunction; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of the injunction.

*United States v. Contents of Accounts*, 629 F.3d 601, 606 (6th Cir. 2011). The Magistrate Judge found that none of the four factors weigh in favor of granting the extraordinary relief Plaintiff requests.

Plaintiff presents two objections: (1) that the Magistrate Judge erred by concluding that the motion for injunctive relief was unrelated to any underlying claims in the present case, and (2) that the Magistrate Judge erred by concluding that Plaintiff had not shown a strong likelihood of success on the merits of his underlying claims.

Plaintiff's underlying claims are that various defendants who worked at the Brooks Correctional Facility ("LRF") in 2008 retaliated against him. Plaintiff argues that the present motion is related to these claims because his word processor contained evidence against the defendants, and he is not able to access the word processor at Chippewa Correctional Facility ("URF"), where he is currently incarcerated. This argument is a non sequitur. Plaintiff is seeking an injunction that would compel defendants, LRF employees, to lower his security

classification at URF, a different facility, to transfer him to Lakeland Correctional Facility ("LCF"), to assign him to a "single man cell," and to provide him with a word processor. (Dkt. No. 11, at 14-15.) This relief is unrelated to his retaliation claims against the present defendants, which relate to actions taken at LRF. While Plaintiff contends that his security level at URF prevents him from accessing his word processor, the present case does not contain any claims against URF or its employees. Moreover, the defendants in this case have no authority to alter Plaintiff's conditions of confinement at URF. Thus, the Magistrate Judge did not commit error by concluding that Plaintiff's motion is unrelated to his underlying claims.

Plaintiff also argues that he has a strong likelihood of success on his retaliation claims. Plaintiff made no such showing in his motion. Moreover, Plaintiff's support for this position in his objections is nonsensical. It consists of vague, unsupported allegations that the defendants have admitted to committing fraud on the Court and that the defendants have "pleaded guilty" by refusing to go to trial and by refusing to engage in discovery. (Dkt. No. 43, PageID# 376-78.) The defendants have not pleaded guilty and have not committed any fraud upon this Court.

In sum, the Court agrees with the Magistrate Judge that none of the four factors weigh in favor of granting a preliminary injunction. Thus, the Court will accept the Magistrate Judge's recommendation to deny Plaintiff's motion.

Finally, the Court notes that on October 9, 2012, Plaintiff filed a supplement to his

objections. (Dkt. No. 44.) This supplement was filed after the deadline for filing objections and will not be considered.

Accordingly,

**IT IS HEREBY ORDERED** that the Magistrate Judge's September 12, 2012, Report and Recommendation (Dkt. No. 41) is **APPROVED and ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for a preliminary injunction or temporary restraining order (Dkt. No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file excess pages (Dkt. No. 42) is **DENIED AS MOOT** because the Court considered the entire document filed on September 28, 2012.

**IT IS FURTHER ORDERED** that Plaintiff's supplement to his objections (Dkt. No. 44) is **REJECTED** as untimely.

Dated: January 15, 2013                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE