UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT CHARLES COOK #128535,

        Plaintiff,

                                    File no: 1:11-CV-637

v.

                                    HON. ROBERT HOLMES BELL

UNKNOWN CASHLER, et al.,

        Defendants.

_____/


# O P I N I O N

On March 25, 2013, this Court approved and adopted Magistrate Judge Joseph G. Scoville's March 5 Report and Recommendation ("R&R"), denied Plaintiff's various pending motions, granted Defendant Jackson's motion to dismiss, granted Defendants Galiton, Gibson, Scrivens, Watson, Sutherby, McLellan, and Cashler's motions for summary judgment, dismissed Plaintiff's claim for declaratory relief against Defendant Jackson as moot, dismissed Plaintiff's claims against Defendant Wakefield for failure to state a claim upon which relief can be granted, dismissed Plaintiff's claims against Defendants Galiton, Gibson, Scrivens, Watson, Sutherby, McLellan, and Cashler for failure to properly exhaust any claim against said Defendants, and entered judgment in favor of Defendants. (Dkt. Nos. 60-61.)

Presently before the Court are two motions for extensions of time (Dkt. Nos. 63-63), and a motion for reconsideration (Dkt. No. 65), all filed by Plaintiff.

**A. First Motion for Extension**

Plaintiff's first motion for an extension of time was filed on March 25, 2013, and sought an extension of time within which to file objections to the March 5 R&R. (Dkt. No. 62.) This motion and the attached objections were not received by the Court until after it issued the order approving and adopting the R&R and entered judgment in favor of Defendants. (Dkt. Nos. 60-61.)

Plaintiff subsequently provided a receipt indicating that his first motion for an extension and the attached objections were mailed on March 20, 2013, within the time allotted to file objections to the R&R. (Dkt. No. 63, Ex. A.) Documents prepared by pro se prisoners are considered "filed" at the time of delivery to prison authorities for forwarding to the court clerk, rather than on the date of receipt by the clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Thus, in light of the date written on the legal mail forms, the Court will accept Plaintiff's objections as timely filed. Because the objections have been filed and will be considered at this time, the first motion for extension will be denied as moot. However, because these objections lack merit, the Court will affirm its March 25 order and judgment.

**1. Law**

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to

enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

### 2. Objections

#### i. Defendants Cashler and McClellan

Plaintiff's first objection is that this Court, specifically with regard to Defendants Cashler and McClellan, ignored the well-settled rule of law that prisoners cannot file grievances on disciplinary matters. Plaintiff provides no source for this "well-settled rule of law," although it appears to stem from Michigan Department of Corrections ("MDOC") Policy Directive 03-02-130, which provides that decisions made in grievance hearings and decisions made in minor misconduct hearings are non-grievable issues. (Dkt. No. 19, Ex. A, ¶ F.)

However, Plaintiff's allegations against Cashler do not regard decisions made in any hearings. Instead, throughout his many vague and oftentimes irrelevant allegations regarding Cashler, Plaintiff alleges the following: Cashler wrote fabricated theft tickets in retaliation; Cashler was part of a conspiracy to violate Plaintiff's constitutional rights; Cashler "went on a crime spree" by shaking cells down, reading legal papers, destroying prisoners' property, and yelling and screaming at Plaintiff; Cashler wrote Plaintiff a false major misconduct for refusing to obey a direct order; and Cashler wrote Plaintiff a false minor ticket for "Temporary out of Place." (Dkt. No. 1, at PageID# 10-11, 13, 17-20, 26.) All of these

allegations could have been grieved because the behavior occurred outside of the disciplinary hearing context.

Nor do Plaintiff's allegations against McClellan, a hearings investigator, directly regard decisions made in any hearings. Plaintiff alleges that McClellan engaged in improper conduct (including the obstruction of justice and refusal to investigate Plaintiff's defenses) during the investigation of misconduct tickets, was part of the conspiracy to violate Plaintiff's constitutional rights, violated due process and equal protection of the law by illegally pulling a theft ticket from Plaintiff's file before a major disciplinary hearing on the ticket was held on June 1, 2008, refused to investigate or question witnesses before another hearing, and refused to give Plaintiff access to his records and files. (Dkt. No. 1, at PageID# 11-13, 27, 30, 32.) As with Cashler, this alleged behavior all occurred prior to any disciplinary hearing and could have been grieved.

Even if any of these claims against Cashler or McClellan (or any other defendant for that matter) could be considered non-grievable as claims regarding issues directly related to the hearing process, that does not mean that Plaintiff's administrative remedies were exhausted. While decisions made in misconduct hearings are non-grievable, the proper avenue of appeal (as made clear to Plaintiff in regard to an improperly filed grievance against Minnerick) is, for a major misconduct, to submit a Request for Rehearing form to the Hearings Administrator in Lansing and, for a minor misconduct, to submit a Minor Misconduct Appeal to the ADW of Housing. (*See* Dkt. No, 19, Ex. Q, Step II Grievance

Resp., at PageID# 263.) Plaintiff has provided no evidence of ever submitting either form with regard to his claims against Cashler and McClellan.[1] Moreover, even if Plaintiff had properly exhausted his administrative remedies against these two defendants, the Court finds Plaintiff's allegations against them to be frivolous and completely devoid of support. *See* 28 U.S.C. §§ 1915(e)(2) & 1915A; 42 U.S.C. § 1997e(c).

Relatedly, Plaintiff additionally alleges that Cashler, by presenting the "illegal" defense that Plaintiff never filed grievances regarding disciplinary matters, has "pleaded himself guilty." There is no such rule of law, and Cashler has not pleaded guilty by filing the defense of failure to exhaust administrative remedies.

### ii. Defendant Gibson

Plaintiff objects to the fact that the Magistrate Judge "chose to ignore" the fact that Plaintiff did file grievances against Defendant Gibson. Plaintiff has failed to provide any evidence that he did indeed file grievances naming Gibson. Moreover, even if Plaintiff did file such grievances, he concedes that they were rejected as untimely and/or in violation of MDOC policy. (Dkt. No.62, Attach. 1, at PageID# 481.) "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

### iii. Defendant Jackson

---

[1]In his second motion for an extension of time, Plaintiff does attach a Minor Misconduct Appeal concerning his allegation that Defendant Minnerick falsified a misconduct ticket. (Dkt. No. 63, Ex. C.) However, as discussed in detail *infra*, the Court finds the claim against Minnerick, even if properly exhausted, to be frivolous.

Next, Plaintiff argues that footnote four in the Court's February 22, 2012, order (Dkt. No. 7, at 13 n.4), which stated that Defendant Jackson was entitled to immunity, was mistakenly entered. This footnote was not included in error. Instead, the footnote correctly stated that Jackson was entitled to absolute judicial immunity from monetary damages for his actions taken in his capacity as a hearings officer. *See Shelly v. Johnson*, 849 F.2d 228, 230 (6th Cir. 1988). As for Plaintiff's claim against Jackson for non-monetary damages – the claim seeking declaratory relief on his retaliation claim – the opinion stated that service on Jackson for that claim was warranted. (Dkt. No. 7, at 13.) Thus, the R&R was not in error when it explained that Plaintiff's claims against Jackson, other than the claim for declaratory relief, were dismissed on February 22. (Dkt. No. 59, at 2 n.1.)

Plaintiff next contends that Jackson's "secondary" defense of mootness for the non-monetary claim could only be accepted by the Court if Plaintiff was seeking injunctive relief against Jackson. This argument is nonsensical. Plaintiff is no longer at the same facility as Jackson, and the Sixth Circuit has repeatedly held that claims against prison officials for both injunctive relief *and declaratory relief* are moot if the inmate is no longer at the facility where the alleged wrongdoing occurred. *Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) ("This leaves Colvin's requests for declaratory and injunctive relief. But these forms of relief are moot because Colvin's requests were directed specifically at LMF's policies and procedures and were not targeted at the MDOC kosher-meal program as a whole."); *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001) ("We note that Plaintiff also

requested injunctive and declaratory relief in his complaint; however, because he is no longer incarcerated in either Hardeman County Correctional Facility or Whiteville Correctional Facility, these prayers for relief are moot."); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("However, to the extent Kensu seeks declaratory and injunctive relief his claims are now moot as he is no longer confined to the institution that searched his mail."). Thus, there was no error.

Then, contradicting his previous arguments and his complaint, Plaintiff argues that he has never asked for declaratory relief. Plaintiff's complaint states: "I would like the court to issue a declaratory judgement [sic] stating that all the defendants deliberately and maliciously violated my constitutional rights, under color of law, as explained in my complaint." (Dkt. No. 1, PageID# 33.) Plaintiff now claims that this statement "merely asks the court to enter an Order (called an initial screening process) and in its order define the rights & privileges of the parties involved, or what's expected of us." (Dkt. No. 62, Attach. 1, at PageID# 484.) However, whether Plaintiff intended to seek declaratory relief through the statement in his complaint is irrelevant. To the extent he was seeking declaratory relief against Jackson, it was moot as just discussed. If he was not seeking declaratory relief, then Jackson is still entitled to dismissal because all of the non-declaratory claims against him were dismissed on account of absolute judicial immunity in the February 22 opinion and order. (*See* Dkt. Nos. 7, 8.)

Last, Plaintiff argues that Jackson has no immunity to enter into a criminal conspiracy.

Plaintiff misconstrues the law. A Michigan hearings officer is entitled to *absolute* immunity for all actions taken in his hearing officer capacity. *Barber v. Overton*, 496 F.3d 449, 452 (6th Cir. 2007). Jackson's decisions to find Plaintiff guilty of misconducts, even if these decisions were somehow improperly motivated, were indisputably made in his hearing officer capacity.

### iv. Defendant Wakefield

Plaintiff argues that the Court acted as counsel for Defendant Wakefield by stating that Plaintiff's claim against him should be dismissed for failure to state a claim, a defense that Wakefield did not raise. Plaintiff is correct that Wakefield never argued for dismissal for failure to state a claim and instead only argued for summary judgment for failure to exhaust administrative remedies. However, the Magistrate Judge was permitted to sua sponte dismiss the claims against Wakefield for failure to state a claim on which relief may be granted because Plaintiff brought this suit in forma pauperis, 28 U.S.C. § 1915(e)(2), and alternatively because Plaintiff was a prisoner bringing a § 1983 suit with respect to prison conditions, 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).

Plaintiff further argues that the fact that the Magistrate Judge acknowledged Plaintiff's injury but declared it inconsequential establishes Wakefield's guilt. On the contrary, when a First Amendment retaliation claim is brought on the basis of an inconsequential injury, the claim is properly dismissed as a matter of law. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 584 (6th Cir. 2012).

8

Last, Plaintiff argues that the R&R failed to account for the four theft tickets written out of retaliation and on Wakefield's order. Plaintiff never alleged in his complaint that Wakefield ordered any officer to write a theft ticket. Instead, the complaint only alleges that Wakefield ordered multiple "shakedowns." (Dkt. No. 1, at PageID# 31-32.) Plaintiff's response to the motions for summary judgment is also limited to allegations regarding Wakefield ordering "shakedowns." (Dkt. No. 39, at PageID# 348-49.) Consequently, the Magistrate Judge's failure to address Wakefield ordering the writing of four theft tickets was not erroneous.

### v. All Defendants

Plaintiff objects to the fact that the Magistrate Judge complained that he did not submit any evidence. Plaintiff posits that he is relying on the exhibits Defendants provided, which support his claims. The R&R rejected Plaintiff's motions for summary judgment as frivolous because Plaintiff bore the burden of establishing his entitlement to summary judgment, and Plaintiff failed to submit any evidence to support his motions. (Dkt. No. 59, at 3.) Contrary to Plaintiff's objection, the exhibits submitted by Defendants do not establish Plaintiff's entitlement to judgment on any of his claims. Thus, the Magistrate Judge did not err in denying these motions.

Plaintiff next objects to the Magistrate Judge's conclusion that Defendants did not have to answer Plaintiff's cross-motions for summary judgment and motion for default. He claims that the Magistrate Judge was illegally acting as defense counsel by making arguments

for the defendants and speculating as to why they did not answer. The Magistrate Judge did

not commit any error. As the Magistrate Judge correctly noted, a party is not required to

respond to a motion. (Dkt. No. 59, at 4.) The Magistrate Judge never made arguments for

defense counsel or speculated as to why Defendants did not answer. The Magistrate Judge's

comment that Defendants were resting on their previously filed briefs and evidence was

axiomatic given the fact they did not respond to Plaintiff's motions.

Plaintiff also contends that the Magistrate Judge failed to apply the applicable law,

namely "parallel conspiracy." He argues that exhaustion is not required as to defendants who

have engaged in a parallel conspiracy. The Court does not know what Plaintiff means by a

"parallel conspiracy." Nevertheless, the argument is frivolous. Exhaustion of administrative

remedies is always required for prisoners bringing a § 1983 suit. 42 U.S.C. § 1997e(a).

Next, Plaintiff argues that the Magistrate Judge neglected the law on settlements

which appeared in *Spruytte v. Govorchin*, 961 F. Supp. 1094 (W.D. Mich. 1997). However,

the law on settlements, appearing in *Spruytte* or elsewhere, is inapplicable to the present suit

because, as the Magistrate Judge correctly noted, Plaintiff has produced no evidence that any

defendant ever entered into or violated any settlement agreement. (Dkt. No. 59, at 16.)

Plaintiff also objects to the Magistrate Judge's summary of the grievances filed. He

points out that the Magistrate Judge indicated that four grievances, LRF-08-09-1021-28a,

LRF-08-09-1043-28a, LRF-08-09-1023-28a, LRF-08-09-1024-28a, were rejected as

10

duplicates.[2] He argues that the original grievances, of which these four were duplicates, were not presented by Defendants. This is incorrect. The first two of these duplicate grievances presented issues previously grieved in LRF-08-08-859-08a. (Dkt. No. 19, Exs. C, E.) That grievance, LRF-08-08-859-08a, was attached by Defendants. (*See* Dkt. No. 19, Ex. J.) The remaining two of these duplicate grievances presented issues previously grieved in LRF-08-09-960-17i. (Dkt. No. 19, Exs. G, H.) Again, LRF-08-09-960-17i was attached by Defendants. (*See* Dkt. No. 19, Ex. I.)

Plaintiff also argues that it was a contradiction for the Magistrate Judge to state that the rejections of grievances implicating Defendants Sutherby, Galiton, and Watson were upheld at Steps II and III, but then conclude that the administrative remedies against those defendants were not exhausted. This was not a contradiction. As discussed, proper exhaustion requires compliance with deadlines and procedural rules. *See Woodford*, 548 U.S. at 90. Thus, administrative remedies are not properly exhausted just because the rejection of a grievance is appealed through Step III. Each grievance against Sutherby, Galiton, and Watson that was appealed through Step III was rejected for failure to comply with agency deadlines and/or procedural rules.

Next, Plaintiff argues that whether the purported settlement agreements acted as a waiver of the exhaustion requirement was an issue of fact that should not have been decided

---

[2]One of the grounds for the rejection of another grievance, LRF-08-04-366-28a, was that it was a duplicate. (Dkt. No. 19, Ex. S.) However, this grievance regarded allegations that are outside the scope of the instant complaint.

by the Magistrate Judge. There was no issue of fact because there was no evidence whatsoever that any settlement agreement existed. Relatedly, Plaintiff argues that it was the Defendants' burden to prove that the settlement agreements did not exist and that Defendants' silence is uncontroverted proof of their existence. Because Plaintiff failed to create an issue of fact regarding the existence of settlement agreements, Defendants did not have to come forward with any affirmative evidence. Plaintiff further contends that multiple defendants will testify to the existence of the settlement agreements. This argument is speculative, and Plaintiff's assertion that Defendants will testify to the existence of settlement agreements is unsupported.

Last, Plaintiff argues that the four misconduct tickets for theft on which he was found not guilty are overwhelming evidence of the violation of his rights. Plaintiff has provided no evidence that he was found not guilty on multiple misconduct tickets. Even if Plaintiff did provide such evidence if would not be evidence that any of the defendants violated Plaintiff's rights as alleged in the complaint.

**C. Second Motion for Extension**

On April 11, Plaintiff filed a motion for an extension of time within which to file a motion for reconsideration and within which to file a certificate of appealability, citing his late receipt of certain photocopies previously unobtainable. Good cause having been shown, the Court will grant the motion. Consequently, the Court will consider the motion for reconsideration, which was filed on April 29, timely filed and will address it at this time.

**D. Motion for Reconsideration**

The Western District of Michigan's Local Civil Rules provide that a party that moves for reconsideration must demonstrate that there is a palpable and misleading defect as well as that a different result is required as a result of a correction of that defect. W.D. Mich. LCivR 7.4(a). As a general rule, "motions for reconsideration which merely present the same issues ruled upon by the Court shall not be granted." *Id.*

Although there is no specific provision for a motion for reconsideration in the Federal Rules of Civil Procedure, such a motion is to be evaluated as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). *See Aero-Motive Co. v. William Becker*, No. 1:99-CV-384, 2001 WL 1699194, at *1 (W.D. Mich. Dec. 6, 2001) (*citing Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)). A motion for reconsideration is an opportunity to "point out manifest error of law or present newly discovered evidence." *Aero-motive*, 2001 WL 1699194 at *1 (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

Plaintiff presents the following arguments in favor of reconsideration of this Court's order approving and adopting the R&R, and judgment in favor of Defendants:

1. Defendants admitted they committed at least eight documented felonies against the Plaintiff.

2. The facts are in dispute regarding the failure to exhaust administrative remedies defense.

3. The Court entered judgment without addressing Plaintiff's objections, which were timely pursuant to the mailbox rule.

4. The Plaintiff has just recently obtained copies of evidence that conclusively establish Plaintiff's entitlement to judgment in his favor.

5. The Court lacked jurisdiction to decide the summary judgment motions because Defendants violated settlement agreements. Additionally, by entering into settlement agreements, Defendants waived the burden of exhaustion.

6. Defendants lied to the Court and misrepresented the facts regarding whether Plaintiff exhausted his administrative remedies.

7. Defendants were required to answer the retaliation and settlement claims pursuant to this Court's February 22, 2012, order.

8. The Magistrate Judge had a conflict of interest because he made arguments on behalf of Wakefield.

9. Defendants were required to object to the R&R and to bring to the Court's attention a mistake the Magistrate Judge may have made.

10. Plaintiff's criminal conviction is null and void (because he was a juvenile and never had a juvenile waiver hearing), meaning that he has no obligation to exhaust his administrative remedies.

11. Grievances cannot be filed on any issue involving the disciplinary process.

(Dkt. No. 66, at PageID# 557-58.) The Court has already addressed arguments 1-3, 5-8, and 11, which lack merit. Argument 9 is frivolous because no party is obligated to file an objection to an R&R. Argument 10 is also frivolous because Plaintiff, as a prisoner suing with respect to prison conditions under § 1983, was required to exhaust his administrative remedies. 42 U.S.C. § 1997e(a).

Plaintiff's only remaining ground for reconsideration is based on newly obtained evidence. (*See* Dkt. No. 63, Exs. A-E.) None of this evidence establishes a palpable and misleading defect in this Court's order approving and adopting the R&R.

Exhibit A is a receipt indicating that Plaintiff's first motion for extension and the attached objections were mailed on March 20, 2013. (Dkt. No. 63, Ex. A.) This Court has already accepted this receipt as evidence that Plaintiff's objections to the R&R were timely filed. Because the Court has considered those objections on the merits in this opinion, Exhibit A does not justify further reconsideration.

Exhibit B contains the documents related to grievance LRF-08-05-00489-28b and purportedly establishes the existence of a settlement agreement. (Dkt. No. 63, Ex. B.) Exhibit B does no such thing. Instead, Exhibit B contains a statement by Plaintiff that a prior grievance against Cashler "was settled" with an agreement that Cashler "would refrain from any further harassment or retaliation." (Ex. B, PageID# 513-14.) Plaintiff then stated that Cashler proceeded to violate the agreement. (*Id.*) As a result, Plaintiff sought a "re-investigation" of "all issues" related to the prior grievance. (*Id.* at 514.) Plaintiff's unsubstantiated statements about a settlement in the grievance file is not evidence of any such settlement agreement. As the Step Three Response makes clear, "[t]he Grievant did not provide sufficient evidence to corroborate his allegations." (*Id.* at 515.) Moreover, this is not new evidence. Defendants attached this grievance to their brief filed on May 9, 2012. (Dkt. No. 19, Ex. Q.)

Exhibit C is an appeal of a minor misconduct appeal Plaintiff received for lying in a grievance. (Dkt. No. 63, Ex. C.) Plaintiff argues that this exhibit also establishes the existence of a settlement agreement. However, Exhibit C consists only of Plaintiff's

statements, which as with the statements in Exhibit B, do not establish the existence of a settlement agreement. Nevertheless, Exhibit C does indicate that Plaintiff exhausted his administrative remedies with regard to his claim that the minor misconduct ticket was written by Minnerick in retaliation because MDOC policy requires the filing of such an appeal for exhaustion. (*See* Dkt. No. 19, Ex. A, at ¶ KK.)

However, the Court finds Plaintiff's allegation that Minnerick wrote the misconduct ticket in retaliation to be frivolous and completely devoid of support, and dismisses the claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A, and 42 U.S.C. § 1997e(c) for failure to state a claim upon which relief may be granted. The ticket Minnerick wrote was approved by the warden and given to Plaintiff because grievance LRF-08-04-00365-17i, in which Plaintiff accused Cashler of various wrongdoings, was dismissed as completely lacking support. (Dkt. No. 19, Ex. R.) "If a grievant intentionally files a grievance which is investigated and determined to be unfounded which, if proven true, may have caused an employee or a prisoner to be disciplined or an employee to receive corrective action, the grievant may be issued a misconduct report if approved by the warden . . . ." (Dkt. No. 19, Ex. A, Policy Directive 03-02-130, ¶ L.) Even if Plaintiff's allegations that the grievance was not falsified were accepted as true, his allegations that Minnerick somehow knew that Plaintiff was telling the truth in the grievance consist solely of multiple levels of hearsay. (*See* Dkt. No. 1, at PageID# 16.) The Court is not required to accept such conclusory allegations and unwarranted factual inferences. *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896,

903 (6th Cir. 2009). Thus, to the extent Plaintiff's claim against Minnerick was exhausted, the Court dismisses it for failure to state a claim.

Exhibit D consists of a series of eight letters written by Plaintiff. The first letter is a cover letter to "Director Patricia Caruso" which indicates that Plaintiff was enclosing seven grievances "for step III exhaustion purposes." (Dkt. No. 63, Ex. D, at PageID# 525.) The seven "grievances" enclosed consisted of the following: (a) one letter to a "Warden Berghuis" seeking to be treated as a Step II grievance form; (b) one letter to a "Deputy Smith" in which Plaintiff contends the letter constitutes an exhaustion of his administrative remedies; and (c) five letters to an "Inspector Walton" discussing issues Plaintiff wished to grieve but could not because he was on Modified Grievance Status. Exhibit D does not establish exhaustion of administrative remedies. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90. MDOC policy requires a Step I grievance to be filed on form CSJ-47A and Steps II and III grievances to be filed on form CSJ-247B. (Dkt. No. 19, Ex. A, Policy Directive 03-02-130, ¶ R.) Prisoners are not permitted to make a grievance via letters. Moreover, MDOC policy permits a warden to limit a prisoner's access to the grievance process if the prisoner "files an excessive number of grievances which are vague, duplicative, raise non-grievable issues . . . or is found guilty of misconduct for filing an unfounded grievance . . . ." (*Id.* at ¶ HH.) Prisoners on modified access must still use form CSJ-47A for a Step I grievance, but this form may only be obtained from the Step I Grievance Coordinator upon a showing that the

intended grievance will comply with MDOC policy.  (*Id.* at ¶ KK.)  Thus, the documents provided in Exhibit D do not establish proper exhaustion in accordance with *Woodford*.

Last, Exhibit E is a Security Classification Screen Review which Plaintiff contends was falsified.  (Dkt. No. 63, Ex. E.)  Plaintiff has offered no evidence that this review was falsified and submitting the review itself is not evidence of any falsification.  Thus, Exhibit E does not demonstrate a palpable and misleading defect with this Court's order approving and adopting the R&R.

**D. Conclusion**

In sum, Plaintiff's objections to the R&R and motion for reconsideration of this Court's March 25 order approving and adopting the R&R lack merit.  While Plaintiff's objections will be considered timely filed, the Court will affirm its March 25 order and judgment.

According to 28 U.S.C. § 1915(a)(3), an appeal may not be taken in forma pauperis if the district court certifies in writing that it is not taken in good faith.  For the reasons stated in this opinion, the Court certifies, pursuant to § 1915(a)(3), that an appeal of this matter would be frivolous and not taken in good faith.

An order consistent with this opinion will be entered.


Dated: May 10, 2013                                    /s/ Robert Holmes Bell
                                                       ROBERT HOLMES BELL
                                                       UNITED STATES DISTRICT JUDGE